IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60325
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN SIMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:01-CR-135-2-P
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edwin Sims appeals his sentence following a guilty-plea conviction for distribution of more than five grams of cocaine base.  Sims argues that the district court erred in imposing a two-level sentencing increase for possession of a firearm during the commission of the offense.  U.S.S.G. § 2D1.1(b)(1).

Sims concedes that the firearm was recovered underneath his couch along with drug residue and paraphernalia inside his residence.  He also concedes that ammunition and a bulletproof

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vest were found in his residence.  The record reflects that Sims sold drugs at his residence to a cooperating government witness. These facts establish that the district court did not clearly err in finding a temporal and spatial relationship between the weapon, the drug-trafficking offense, and Sims.  See United States v. Mitchell, 31 F.3d 271, 278 (5th Cir. 1994).  Sims's argument that the firearm was unloaded is immaterial.  See id.

Sims also contends that he is entitled to a two-level decrease under U.S.S.G. § 2D1.1(b)(6) and its cross-referenced safety-valve provision U.S.S.G. § 5C1.2 for first-time offenders. The district court's finding that Sims possessed a firearm in connection with the offense disqualified him from saftey-valve consideration.  See U.S.S.G. § 5C1.2(a)(2).  Accordingly, the sentence is AFFIRMED.